**THE AMERICA.**

**THE CORTLAND.**
No. 14297.

District Court, E. D. New York.
March 25, 1935.

134

Bigham, Englar, Jones & Houston, of New York City (A. J. McElhinney, of New York City, of counsel), for libelant.

Foley & Martin, of New York City (James A. Martin and Christopher E. Heckman, both of New York City, of counsel), for claimant.

MOSCOWITZ, District Judge.

On April 21, 1934, the ferryboat America, owned by the libelant, left her slip at the foot of Dyckman street, Manhattan, bound for her slip on the Jersey shore, slightly further upstream. The day was clear and the tide was ebb. The America, on starting out from her slip, sounded the usual long slip whistle. At about this time her captain observed a vessel coming upstream slightly on the Jersey side of the river, which vessel was the tug Cortland.

The Cortland was pushing a barge ahead of her. She was about two points off the port bow of the America and approximately half a mile away. At that time the Cortland was from 500 to 800 yards below the line of the Dyckman street slip. As the bow of the America emerged past the end of the ferry rack the ebb tide set it downstream. When the stern of the America cleared the end of the rack the entire vessel sagged downstream with the ebb tide. The America had left her slip at full speed with a port wheel to offset the effect of the ebb tide. She sagged downstream about 200 feet before she finally began to feel the effect of her port wheel. She straightened up at a point about 300 feet off the end of her slip and about 200 feet downstream. When she straightened up, she continued on her course and speed until the Cortland was about 300 feet away.

It became apparent that the Cortland was making no effort to avoid collision with the America. The America's captain blew an alarm signal and backed her engines full speed. The starboard bow of the barge which was being pushed ahead by the Cortland struck the port bow of the America about 10 or 15 feet from her bow. The tug Cortland did not change her course or speed in any way. She did not sound any signal until almost the time of actual impact, when she sounded a two-blast signal.

Pilot Rule 7 applies to the facts in the present case, which rule reads as follows: "When two steam vessels are approaching each other at right angles or obliquely so as to involve risk of collision, other than when one steam vessel is overtaking another, the steam vessel which has the other on her own port side shall hold her course and speed; and the steam vessel which has the other on her own starboard side shall keep out of the way of the other by directing her course to starboard so as to cross the stern of the other steam vessel, or, if necessary to do so, slacken her speed or stop or reverse."

The vessels were approaching each other at right angles or obliquely. The situation was one of crossing courses. The America was the privileged vessel and bound to keep her course and speed. The Cortland was the burdened vessel and was bound to keep out of the way of the America. The Carroll, 8 Wall. 302, 19 L. Ed. 392.

The claimant contends that both vessels were at fault. This is not borne out by the evidence. The course of the America was obvious. The Cortland should have kept out of her way. The Breakwater, 155 U. S. 252, 15 S. Ct. 99, 39 L. Ed. 139.

The accident was caused solely through the fault of the Cortland and without any fault on the part of the America.

Settle findings and decree on notice.